IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN ALVARADO | CRIMINAL NO. 24-39 |
|---|---|

### ORDER RE MOTION TO DISMISS COUNT III OF INDICTMENT

**AND NOW**, this 18th day of August, 2025, upon consideration of Defendant Juan Alvarado's Motion to Dismiss (ECF 69) and the Government's Response (ECF 75), it is hereby **ORDERED** that Defendant's Motion (ECF 69) is **DENIED**.[1]

It is further **ORDERED** that the Government's three pending Motions in Limine that were filed on April 4, 2025, before the prior scheduled trial date (ECF 51–53) are **DENIED WITHOUT PREJUDICE as moot** in light of the Superseding Indictment and new November 10, 2025 trial date. The Government may re-file its motions before the next trial date should it choose to do so.

---

[1] Defendant Juan Alvarado levies facial and as-applied constitutional challenges to Count III of the Superseding Indictment, charging him with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

Defendant's Motion is without merit. At the time he was charged with possession of a firearm, Defendant was completing a sentence on federal supervised release for prior felonies (including for a firearm offense). Gov't Resp. Br. (ECF 75) at 3–5. The Third Circuit has unequivocally held post-Bruen that "[a] convict completing his sentence on supervised release does not have a Second Amendment right to possess a firearm." United States v. Moore, 111 F.4th 266, 273 (3d Cir. 2024). The Third Circuit has reiterated this point as recently as last month on July 3, 2025. United States v. Moses, 142 F.4th 126, 135 (3d Cir. 2025) (affirming that "we have already held that the law may disarm paroled felons"). Because the law is valid as to Defendant, Defendant's facial constitutional challenge fails too. Moore, 111 F.4th at 273 n.5 ("Since we reject [the defendant's] as-applied challenge to § 922(g)(1), his facial challenge also fails: he cannot 'establish that no set of circumstances exists under which the Act would be valid.'" (quoting United States v. Rahimi, 602 U.S. 680, 692 (2024)).

Defendant also argues that § 922(g)(1) exceeds Congress' enumerated powers but concedes that his argument is incorrect under current Supreme Court jurisprudence. Mot. to Dismiss (ECF 69) at 10; see United States v. Singletary, 268 F.3d 196, 205 (3d Cir. 2001) (affirming that § 922(g)(1) does not unconstitutionally exceed Congress' Commerce Clause power).

BY THE COURT:


/s/ Michael M. Baylson
**MICHAEL M. BAYLSON**
**United States District Court Judge**

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CRIMINAL DEPUTY (Lori)\ORDERS\24-39 Order re MTD.docx