**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | CRIMINAL NO. 24-39 |
|---|---|
| v. | |
| JUAN ALVARADO | |

## MEMORANDUM AND ORDER

**Baylson, J.**                                                    **January 27, 2026**

The Court heard argument this day on an Amended Motion to Dismiss Count III of the
Superseding Indictment filed by Defendant (ECF 104).  Defendant's counsel made the best
argument possible in favor of Defendant's Motion, but the Court is unable to adopt the argument
and therefore the Amended Motion will be DENIED.

Briefly stated, and possibly the subject of further briefing and decision if the Defendant is
convicted on Count III of the Superseding Indictment, is the difference between the definition of
"heroin" under Pennsylvania law as opposed to an allegedly more limited definition under
federal law.

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), requires a certain
mandatory minimum sentence be imposed on an individual who has committed a firearms
offense under 18 U.S.C. § 922(g) and has three prior convictions either for "serious drug
offenses" or "violent felonies."  The statute allows consideration of prior state convictions for
such crimes.

Defendant has argued vigorously but with limited logic, in favor of an interpretation of
the "categorical approach" in which the language of the federal and state statutes must be strictly
construed and that if there is any difference in the language of these two statutes, a conviction

under the state statute cannot be used as a predicate offense under the ACCA.

This issue has resulted in a number of decisions by district and circuit courts but has not been decided by the United States Supreme Court, to date.

Defendant's argument is specifically that although Pennsylvania had made heroin sales and possession of heroin criminal, the Pennsylvania statute uses a "broader" definition of heroin than the federal statute. The latter requires that heroin must be composed of "optical isomers" in order for there to be a federal conviction for sale or possession of heroin.

This Court has previously held in United States v. Foushee that the definitions of heroin under federal and Pennsylvania law are not sufficiently distinct to disqualify state heroin convictions from being used as predicate offenses under the ACCA.  2022 WL 1128953 (E.D. Pa. Apr. 15, 2022) (Baylson), vacated and remanded on other grounds, 2023 WL 2879513 (3d Cir. Apr. 7, 2023).  Although as noted, Foushee was remanded on different grounds, this Court's conclusion in that case rejecting the defendant's interpretation of the categorical approach has not been specifically rejected by the Third Circuit or the Supreme Court in any reported decision.

Furthermore, the law also allows a consideration of what has been called a "modified categorical approach" which allows the Court to consider the language of the statute and a limited class of documents in determining the applicability of a prior conviction in sentencing under the Armed Career Criminal Act.

This Court would recognize that evidence that someone was convicted of the sale or possession of heroin when they were only in possession of or selling "tea leaves" or "baby powder" would clearly not be sufficient evidence to support use of such conviction as a predicate offense under the ACCA even if the Defendant was under the impression that he was selling or possessing heroin.

The reality, as correctly argued by the Government, is that the federal statute applies to any "serious drug offense," which clearly includes all types of heroin.

The undersigned has had significant prosecutorial experience in both state and federal courts and has had personal knowledge of the impact of heroin on society, as well as individual addicts. Some of these experiences have been painfully personal. The undersigned is proud to relate my status as a "founder" of Gaudenzia, which just celebrated its 50th anniversary and is now the largest therapeutic drug treatment facility in Pennsylvania, and operating in many other states, which demonstrates that heroin has had a major role in destroying lives. The arguments of Defendant as to a so-called "strict construction" of the law is inapposite and rejected.

The Court also notes and agrees with the Government's arguments about United States v. Henderson, 841 F.3d 623 (3d Cir. 2016).[1]

The Motion to Bifurcate, ECF 97, will be granted in part. The Government's case in chief for Counts I and II may include evidence as to Defendant's own statements after he was arrested, and his possession of guns generally without undue repetition or emphasis. The evidence as to Defendant's prior convictions may not be introduced in the Government's case in chief until after the jury's verdict as to Counts I and II.

BY THE COURT:

_____
MICHAEL M. BAYLSON, U.S.D.J.

\\adu.dcn\paed\phl-data\judge_baylson\criminal cases\24-39, usa v. alvarado\24cr39 memorandum and order.docx

---

[1] The Court holds under advisement the Government's arguments regarding the realistic probability test.